**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARIO LUNA RAMIREZ,

Petitioner,

v. No. 2:26-cv-02193-DHU-DLM

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso ICE Field Office Director; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"), where he argues that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Doc. 1 ¶¶ 94-101. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody under reasonable conditions of release. *Id.* at 27.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing, "not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2007 or 2008 and was subsequently detained by Immigration and Customs Enforcement ("ICE") in November 13, 2025, in New Mexico. Doc. 1 ¶ 44; Doc. 6 at 1-2. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Accordingly, Respondents' misclassification of Petitioner as subject to

§1225(b)(2)(A) violates the Immigration and Nationality Act ("INA"). And Respondents' resultant and continued refusal to provide Petitioner with a bond hearing violates his due process rights. *Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1282-84 (D.N.M. 2026).

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693.

Federal regulations, as confirmed by the Supreme Court of the United States, require that noncitizens subject to § 1226(a) "receive bond hearings at *the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018) (emphasis added). Petitioner here was detained in November 13, 2025. This means that Petitioner, at this point in time, should have been provided with a bond hearing over nine (9) months ago. Additionally, while the Tenth Circuit in *Santillan Quiroz* ordered that the petitioner in that case be provided with a bond hearing, it did not hold that a bond hearing was the only available remedy. *See* 180 F.4th at 1251 n. 13. This Court, therefore, finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Respondents release Petitioner within **twenty-four (24) hours** of this Order under reasonable conditions of release, and submit a status report no later than **three (3) days** from this Order confirming said release. The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE